## DAWLEY AND WIFE *v.* AYERS.

The fact that husband and wife do not intend to reside permanently in this State does not prohibit them from enjoying the benefit of the homestead law; but they are entitled to the right of homestead so long as they claim and use the property as such, and actually reside within the State.

The amendment to Sec. 422 of the Civil Practice Act, allowing parties to be examined as witnesses in their own behalf, did not, prior to the amendment to Sec. 395 in 1863, permit husband or wife to be witnesses for or against each other.

APPEAL from the Fifteenth Judicial District, Butte County.

The facts are stated in the opinion of the Court.

*J. E. N. Lewis*, for Appellant.

The Act of 1861 does not change the common law rules prohibiting the wife and husband from testifying for or against each other, and Sec. 422 as it now stands does not modify or repeal Sec. 395 of the Practice Act. Sec. 395 expressly prohibits them from testifying for or against each other. The objection is not that they are parties in interest or to the record, but that they are man and wife. That disability has not been removed but established by Sec. 395, as it existed at common law. Under the Statutes of 1851 and 1860, we submit, to entitle a person to a homestead right, he must be :

1st. A citizen of the State or a *bona fide* resident thereof, in the sense that the expression " *bona fide* residents " is used in the Constitution, Art. 1, Sec. 17.

2d. It must be the permanent residence of such persons, with his or her family, with the intent of impressing it with the character of a homestead. ( *Cook* v. *McChristian*, 4 Cal. 23.)

3d. Such persons must have no other residence or property either in or out of this State, claimed by them as a homestead.

*H. O. Beatty*, for Respondents.

Dawley and wife were both plaintiffs, and *necessarily* plaintiffs. Neither one could sue alone for the homestead. (See *Prel* v. *Girard*, 6 Cal. 73 ; 8 Id. 72–75, 353.) The Statutes of 1861, 522, or Practice Act, 422, provides that " a party to an action or proceeding may be examined as a witness in his own behalf." Another portion of the same section provides certain exceptions to this rule ; among others, that where one of the original parties to the contract on which suit is brought is dead, the surviving party shall not testify, showing an intention to restrict the rule to cases where there was at least a partial equality. But there is no exception to the general rule. Now, does any body believe the Legislature intended to deprive a man of one of his most important privileges in the prosecution of legal rights, simply because he

was a married man, and some technical rule of law required that his wife should be joined with him as a party to a suit? The mistake here is in saying the parties testify for each other. They testify for themselves; and the fact that the same testimony inures to the benefit of the other, is a mere incident. The statute which allows a man to testify, does not make an exception of those cases where his testimony, given for himself incidentally, inures to the benefit of his wife.

CROCKER, J: delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This is an action to recover the possession of a tract of land, claimed by the plaintiffs as a homestead, and which the husband had sold and conveyed to the defendant. Judgment was rendered for the plaintiffs in the Court below, from which the defendant appeals.

It appears from the record that the plaintiffs own a tract of land in Missouri, incumbered by a mortgage, and that it has been their intention, after making some money here—sufficient at least to pay off the mortgage—to return to that State to reside, and the appellant contends that they are not citizens of this State, or *bona fide* residents, and therefore are not entitled to the benefits of the homestead law. In this he is mistaken. The homestead law is not limited in its operation to any class, but is universal in its application; and all classes of persons are entitled to its benefits, without any distinction as to citizenship, or capability of becoming citizens. So long as the parties actually reside in the State, and use the property as a home, they cannot be denied the benefits secured by the law.

On the trial, the Court permitted the plaintiffs, husband and wife, to testify on their own behalf, under notice given in accordance with the provisions of the amendment of 1861 to Sec. 422 of the Practice Act; and this the appellant assigns as error. This objection is well taken. Sec. 395, before it was amended in 1863, expressly provided that the "husband shall not be a witness for or against his wife, nor a wife a witness for or against her husband." Although Sec. 422 provided that a party to an action might be

examined as a witness in his own behalf, the same as any other witness, it was necessarily qualified by the provisions of Sec. 395, which virtually prohibits such examination where the parties are husband and wife. This construction is necessary, in order that both sections may stand and have effect. Any other view would operate as a virtual repeal of Sec. 395, which evidently was not intended by the Legislature. It is no valid answer to say that each one testified on his and her own behalf, and not on behalf of the other; because they were, to all intents and purposes, testifying for each other. The Court, therefore, erred in permitting them to testify.

The judgment is therefore reversed and the cause remanded.