[S. F. No. 7206.    In Bank.—August 7, 1915.]

EMPLOYERS ASSURANCE CORPORATION, LIMITED (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA et al., Respondents.

WORKMEN'S COMPENSATION ACT — AWARD BY INDUSTRIAL ACCIDENT COMMISSION—POWER OF REVIEW BY COURT.—An award made by the Industrial Accident Commission is subject to review and annulment in this court where the finding on any jurisdictional fact is without the support of substantial evidence, and this notwithstanding the provision of the act that the findings of the commission on questions of fact shall be conclusive and final.

ID.—JURISDICTIONAL FACT—HEARSAY EVIDENCE.—An award of such commission cannot stand if a finding of a jurisdictional fact is without any support except that of hearsay testimony.

ID.—EVIDENCE OF ACCIDENTAL INJURY—HEARSAY STATEMENTS OF DECEASED—INSUFFICIENCY OF.—Where the only evidence to support the finding of the commission that the injury for which compensation is sought was accidental and arose out of and happened in the course of the employment of the deceased was the hearsay statements of the deceased made to various persons, an award of compensation was without the power of the commission and should be annulled on a writ of review.

APPLICATION originally made to the Supreme Court of the State of California for a writ of review against the Industrial Accident Commission.

The facts are stated in the opinion of the court.

L. A. Redman, for Petitioner.

Christopher M. Bradley, for Respondents.

SLOSS, J.—This proceeding was instituted to review an award of the Industrial Accident Commission allowing compensation to the wife of George A. Marsters for the death of her husband.

Marsters in his lifetime had been in the employ of Hind, Rolph & Co., owners of the barge "Invincible." The petitioner, Employers Assurance Corporation, Limited, was the insurance carrier for the said Hind, Rolph & Co. The com-

mission found that Marsters was injured by accident on the thirtieth day of March, 1914, while in the employment of Hind, Rolph & Co., and that said accident arose out of and happened in the course of said employment and was not caused by the willful misconduct or intoxication of said employee. More specifically, it was found "that said injury consisted of a sprain of the right wrist or forearm of said Geo. H. Marsters, accompanied by a bruise of said wrist or forearm and an abrasion or chafing of the skin, but without laceration of the same, followed by a staphylococcic and streptococcic infection of said wrist or forearm which spread through the arm and blood stream, subsequently infecting the whole body and resulting in the death of said injured employee on the 14th day of May, 1914."

Various points are urged against the validity of the award, but the only one which need here be considered is the claim that there was no evidence before the commission sufficient to justify the finding that Marsters was injured by accident in the course of his employment.

The decisions of this court have settled the proposition that an award made by the commission is subject to review and annulment in this court where the finding on any jurisdictional fact is without the support of substantial evidence, and this notwithstanding the provision of the act that the findings of the commission on questions of fact shall be conclusive and final. (*Great Western Power Co.* v. *Pillsbury* (Sac. No. 2237), *ante,* p. 180, [149 Pac. 35] ; *Western Indemnity Co.* v. *Pillsbury* (S. F. No. 7134), *ante,* p. 686, [151 Pac. 398].)

We have also decided in the case of *Englebretson* v. *Industrial Accident Commission* (L. A. No. 4017), *ante,* p. 793, [151 Pac. 421], this day filed, that an award cannot stand if a finding of a jurisdictional fact is without any support except that of hearsay testimony.

In the Englebretson case (*ante,* p. 793, [151 Pac. 421)], we held that the award of the commission must be annulled for the reason that there was no competent evidence tending to establish that the injury and death of the employee had been caused by accident. The conclusion there reached is quite as applicable to the facts disclosed by the record before us. It appears that Marsters was suffering from a swollen wrist and that his skin showed discoloration at one point. He left his work on April 1, 1914. On that day he showed the wrist to a

fellow employee and stated to him that he had been injured on the preceding day in putting a fender over the side of the barge. He made the same statement some days later to the superintendent of his employers, and repeated it at different times thereafter to his wife, to members of his family, and to the several physicians and surgeons who attended him. Following the first of April, 1914, the swelling grew worse. Blood poisoning developed and it finally became necessary to amputate the arm. The operation was, however, without avail, Marsters dying on May 14th. None of the surgeons who attended Marsters had any personal knowledge that he had sustained an injury, whether by accident or otherwise. Their testimony was, perhaps, sufficient to justify an inference that the blood poisoning and consequent death of Marsters might well have been caused by an accidental injury of the kind which he claimed to have received. Omitting his own statements to his physicians and others, there was absolutely no testimony tending to show that the swollen condition of his wrist was due to an accidental injury or to anything which had occurred in the course of his employment. The first time any witness saw the injured wrist was on the day after Marsters had, as the applicant claimed, been injured. The injury, so far as its own character disclosed, might have been caused in any one of a multitude of ways. The only basis for the commission's finding that an accidental injury arising out of the employment had been suffered by Marsters is found in the hearsay statements and explanations of Marsters himself to various persons. Under this state of facts it must be said here, as it was in the Englebretson case, that "there was no legal proof that the injury was accidental and the commission was without power to award compensation therefor."

It is ordered that the award made by the commission be annulled.

Shaw, J., Henshaw, J., and Angellotti, C. J., concurred.