[L. A. No. 4017.   In Bank.—August 7, 1915.]

JOHN ENGLEBRETSON et al., Petitioners, v. INDUS-
TRIAL ACCIDENT COMMISSION et al., Respondents.

WORKMEN'S COMPENSATION LAW—VALIDITY OF.—All questions presented
   in this proceeding relating to the validity of the Workmen's Com-
   pensation Law, under the constitution of this state and of the
   United States, have been determined in favor of the commission
   by the decision in *Western Indemnity Co.* v. *Pillsbury* (S. F. No.
   7134), *ante,* p. 686.

ID.—CONSTRUCTION OF ACT—POWER OF COMMISSION—ACCIDENT ARIS-
   ING IN COURSE OF EMPLOYMENT—JURISDICTION.—The Workmen's
   Compensation Law creates a liability against the employer for an
   injury suffered by the employee only where such injury is sustained
   "by accident arising out of and in the course of the employment,"
   and the fact that the injury resulted from an accident is a condition
   precedent to the power of the commission to give compensation

for it. An award made without proof of this essential fact is void and if it is attacked by *certiorari* as provided in section 84 of the law it must be annulled as an act in excess of the jurisdiction of the commission.

ID.—CONSTRUCTION OF SECTIONS 75-77 OF ACT—ADOPTION OF RULES BY COMMISSION—DISREGARD OF TECHNICAL RULES OF EVIDENCE.—The provisions of section 77 of said act providing for the government of hearings before the commission by rules adopted by it, that it shall not be bound by technical rules of evidence and that no informality in any proceeding shall invalidate an award; and the provision of subdivision 6 of section 75 purporting to give the commission power to regulate and prescribe the nature and extent of proofs and evidence, cannot be held to warrant an award based solely upon hearsay evidence, as the rule against hearsay evidence is not to be considered as one of the technical rules of evidence referred to in section 77.

ID.—ACCIDENTAL INJURY—HEARSAY EVIDENCE—INSUFFICIENCY OF.— The Industrial Accident Commission has no power to make an award where the only evidence of accidental injury consists of hearsay testimony; and the testimony of physicians who examined the decedent during the sickness immediately preceding his death, and who performed an autopsy upon his body shortly after his death, to the effect that in their opinion a hemorrhage might have been caused by muscular strain or exertion in lifting or swinging a wagon does not tend to prove that the rupture was caused by the muscular exertion of the deceased in lifting or swinging the wagon, or that he lifted the wagon or swung it around, although it is consistent with the fact; and where the only other evidence as to the cause of the rupture consisted of hearsay testimony of declarations made by the decedent himself, after he was taken sick and before his death, it is insufficient to sustain the award.

ID.—CONSTRUCTION OF SECTION 75 OF ACT—DELEGATION OF POWER— SECTION 21, ARTICLE XX OF CONSTITUTION.—If section 75 of said act would have the effect to confer upon the commission power to enact laws prescribing the nature and extent of proof necessary to make out a case, it would be a delegation to the commission of the powers of the legislature in that respect, and as no authority for such delegation of power is given by section 21 of article XX of the constitution, in pursuance of which the Workmen's Compensation Law was enacted, and which constitutes the only authority for the provision authorizing such matters to be determined by the commission instead of by the courts, said section would be wholly unauthorized and would have no effect, even if the commission acted upon it.

ID.—HEARSAY EVIDENCE—RULE AGAINST NOT TECHNICAL RULE.—The rule against the admission of hearsay evidence as proof of a fact is not a mere technical rule of evidence.

APPLICATION, originally made to the Supreme Court of the State of California for Writ of Review directed to the Industrial Accident Commission.

The facts are stated in the opinion of the court.

George H. Moore, H. C. Huntington, and L. A. Redman, for Petitioners.

Christopher M. Bradley, for Respondents.

SHAW, J.—This is a proceeding in *certiorari*, under the provisions of the Workmen's Compensation Law of 1913, to review certain proceedings of the Industrial Accident Commission, taken upon the application of Mary Smith and J. L. Smith, for compensation for an injury claimed to have been suffered by accident to one James M. Wells while he was in the employ of the petitioner Englebretson.

All the questions presented relating to the validity of the Workmen's Compensation Law, under the constitution of this state and of the United States, have been determined in favor of the commission by our decision in *Western Indemnity Co.* v. *Pillsbury, ante,* p. 686, [151 Pac. 398], decided August 4, 1915, (S. F. No. 7134), and they need not be considered here The questions here presented, relating to the validity of the order of the commission, depend upon the terms and effect of the compensation act itself.

Wells was working for Englebretson, assisting in operating a scraper used in constructing a railroad embankment. His work was that of driving the team of horses attached to the scraper. Another man loaded, dumped, and handled the scraper itself. Other teams drawing dump wagons were also engaged in the work. In the forenoon of March 4, 1914, Wells became sick while at work and, after several hours, was unable to continue at work longer and was taken home. It was found that an internal hemorrhage in the abdominal cavity, or in the bowels, was the cause of his sickness. He grew worse and died from the effects thereof on March 17, 1914. An autopsy on his body showed that the hemorrhage was caused by the rupture of blood vessels, either arteries or veins, in the intestines, or in the membrane enveloping them, and that this rupture probably occurred while he was at work on March 4. It is claimed that while he was at work with the

scraper team he was called to assist in swinging around or lifting the end of one of the dump wagons and that in doing so he strained his muscles to such an extent as to cause the rupture of the blood vessels.

We pass the question whether an injury occurring in this manner is caused by accident within the meaning of section 12 of the law. We are satisfied that the award must be annulled because there was no competent evidence to prove that the rupture was caused in the manner above stated.

The Workmen's Compensation Law creates a liability against the employer for an injury suffered by the employee only where such injury is sustained "by accident arising out of and in the course of the employment." The fact that the injury resulted from an accident is a condition precedent to the power of the commission to give compensation for it. An award made without proof of this essential fact is void and if it is attacked by *certiorari* as provided in section 84 of the law in question, it must be annulled as an act in excess of the jurisdiction of the commission.

There was evidence of physicians who examined Wells during the sickness immediately preceding his death, and who performed an autopsy upon his body shortly after his death, to the effect that in their opinion the hemorrhage might have been caused by muscular strain or exertion. This evidence did not tend to prove that the rupture was caused by the muscular exertion of Wells in lifting or swinging the wagon, or that he lifted the wagon or swung it around, as claimed. It is consistent with that fact, but as proof thereof it is so remote and inconsequential that it cannot be called substantial evidence thereof. The only other evidence as to the cause of the rupture consisted of hearsay testimony of declarations made by Wells himself, after he was taken sick and before his death. His statements regarding the occasion and cause of the rupture and hemorrhage were, in substance, that while at work he was called to help swing a wagon round, and in doing so he felt a strain in his body and immediately became sick therefrom. It thus appears that the only testimony in proof of this jurisdictional fact was hearsay. The question presented is whether or not the commission has power to make an award where the only evidence of accidental injury consists of hearsay testimony.

In support of the claim that hearsay evidence is competent for that purpose the defendants rely upon section 77 of the aforesaid law, containing the provision that hearings before the commission "shall be governed by this act and by the rules of practice and procedure adopted by the commission, and in the conduct thereof neither the commission nor any member thereof nor any referee appointed thereby shall be bound by the technical rules of evidence. No informality in any proceeding, or in the manner of taking testimony shall invalidate any order, decision, award, or regulation made, approved or confirmed by the commission." They also cite section 75, subdivision 6, which purports to give the commission power "to regulate and prescribe the nature and extent of the proofs and evidence."

It is obvious that if this section would have the effect to confer upon the commission power to enact laws prescribing the nature and extent of proof necessary to make out a case, it would be a delegation to the commission of the powers of the legislature in that respect. No authority for such delegation of power is given by section 21 of article XX of the constitution, in pursuance of which the Workmen's Compensation Law was enacted, and which constitutes the only authority for the provision authorizing such matters to be determined by the commission instead of by the courts. Being an improper delegation of authority, the aforesaid provision of subdivision 6 is wholly unauthorized and would have no effect, even if the commission had acted on it. It is not shown that the commission has made any order or rule declaring the nature and extent of the proofs and evidence required in cases under the law.

The main reliance is upon the provision that the commission shall not be bound "by the technical rules of evidence," and upon the general effect of the act in prescribing an informal and expeditious method of procedure. We cannot agree to the proposition that the rule against the admission of hearsay evidence as proof of a fact is a mere technical rule of evidence. No authority or decision of any court purporting to decide such a proposition is cited in behalf of the commission. The case of *Reck* v. *Whittlesberger*, 181 Mich. 463, [148 N. W. 247], does not sustain the proposition. The decision of the accident board in that case was supported because of an admission contained in the report made by the employer him-

self.   Hearsay testimony was introduced at the trial but the
court held that if the award had been made upon hearsay
evidence alone, it would have been invalid, saying "the rule
against hearsay evidence is more than a mere artificial techni-
cality of law.   It is founded on the experience, common
knowledge, and conduct of mankind."   Some decisions by
other accident commissions are cited, but in each of them the
finding was based upon inferences naturally or reasonably
arising from facts which were proved by competent evidence.
Many considerations lead to the opposite conclusion to that
contended for.   The unreliability of a relation by one per-
son of statements made to him by another is so well known
that it has become customary and is considered necessary for
courts, in cases where oral admissions of a party are proved
against him, to instruct the jury that they must view such ad-
missions with caution, because of the tendency of witnesses
to make perverted or inaccurate reports.   We have many de-
cisions of courts of the highest standing declaring the import-
ance and substantial character of the rule against hearsay
testimony.   It has been said that the fact "that this species of
testimony supposes some better testimony which might be
adduced in the particular case is not the sole ground of its
exclusion.   Its intrinsic weakness, its incompetency to satisfy
the mind of the existence of the fact, and the frauds which
might be practiced under its cover combine to support the rule
that hearsay evidence is totally inadmissible. . . . The danger
of admitting hearsay evidence is sufficient to admonish courts
of justice against lightly yielding to the introduction of fresh
exceptions to an old and well established rule, the value of
which is felt and acknowledged by all.   If the circumstance
that the eye witnesses of any fact be dead should justify the
introduction of testimony to establish that fact from hearsay,
no man could feel safe in any property, a claim to which might
be supported by proof so easily obtained."   Chief Justice
Marshall in *Queen* v. *Hepburn,* 11 U. S. *296, [3 L. Ed. 348].
In *Warren* v. *Nichols,* 6 Metc. (47 Mass.) 264, the court said
that the reasons for excluding hearsay were these: "First,
because the averment of fact does not come to the jury sanc-
tioned by the oath of the party on whose knowledge it is sup-
posed to rest; and secondly, because the party, upon whose
interests it is brought to bear, has no opportunity to cross-
examine him on whose supposed knowledge and veracity the

truth of the fact depends." After stating the foregoing reasons Mr. Greenleaf adds: "To these reasons may be added considerations of public interest and convenience for rejecting hearsay evidence. The greatly increased expense and the vexation which the adverse party must incur in order to rebut or explain it; the vast consumption of public time thereby occasioned; the multiplication of collateral issues for decision by the jury, and the danger of losing sight of the main question and of the justice of the case if this sort of proof were admitted, are considerations of too grave a character to be overlooked by the court or the legislature in determining the question of changing the rule." (1 Greenleaf on Evidence, 16 ed., p. 183, sec. 99a.) (See, also, 2 Wigmore on Evidence, p. 1697; *Woolsey* v. *Pethick Bros.*, 1 Butterworth, 411; *Gilbey* v. *Great Western Ry. Co.*, 102 L. T. 202, 3 Butterworth, 135; *Amys* v. *Barton,* 5 Butterworth 117; Boyd on Workmen's Compensation, sec. 569; Bradbury on Workmen's Compensation, p. 800.) In view of the sound reasons for the hearsay rule we cannot but conclude that it is not to be considered as one of the technical rules of evidence referred to in section 77 of the act. There was no legal proof that the injury was accidental and the commission was without power to award compensation therefor. The award must be annulled.

It appears from the return that several persons were present at the time it is claimed that Wells received the injury. The foreman in charge of the work at the time testified that all Wells did was to drive the scraper team, that he had nothing to do with the wagons. None other of the persons present was called as a witness by either party, or testified before the commission. It may be that competent evidence of the facts can be produced. Our decision will have no other effect than to annul the order, leaving the commission to proceed with a further hearing if it has power to do so.

It is ordered that the award made by the commission in said cause be annulled.

Sloss, J., Henshaw, J., and Angellotti, C. J., concurred.