[S. F. No. 8097.  In Bank.—November 20, 1916.]

## SOUTHERN SURETY COMPANY, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA et al., Respondents.

Workmen's Compensation Act—Jurisdiction of Industrial Accident Commission—Error in Exercising Jurisdiction—Hearsay Evidence.—In a proceeding before the Industrial Accident Commission to recover compensation for the accidental death of an alleged employee, where there is substantial evidence sufficient to establish the fact that the decedent received the injury in question while in the service of the defendant, and that it arose out of said employment, the admission of further incompetent hearsay evidence to prove the same facts would be mere error, which would not oust the commission of jurisdiction, nor justify a writ of review.

APPLICATION for a Writ of Certiorari to review an order of the Industrial Accident Commission of the State of California.

The facts are stated in the opinion of the court.

George F. Hatton, and Hartley F. Peart, for Petitioner.

SHAW, J.—This is a petition to review an award of the Industrial Accident Commission to the widow of Giovanni Gaggero for the death of said Gaggero found to have been caused by an accident to him arising out of and in the course of his employment in the service of Macdonald and Kahn. The petitioner is the insurance carrier for Macdonald and Kahn.

The ground upon which the intervention of this court is asked is that there was no competent evidence given to prove that the decedent was injured while in the course of said employment, the claim being that the only evidence in proof thereof was hearsay. The petitioner attacks the validity of section 77 of the Workmen's Compensation Act, as amended in 1915 (Stats. 1915, p. 1102), providing that no award of said commission shall be invalidated because of the admission of hearsay evidence of declarations by a person who is dead

or who cannot be found, and relating directly to the injury. The claim is that such section is unconstitutional.

Upon the showing made, we cannot consider the question sought to be presented. There is substantial evidence, aside from the hearsay evidence complained of, sufficient to establish the fact that the decedent received the injury in question while in the service aforesaid and that it arose out of said employment. This being true, the admission of incompetent evidence to prove the same facts would be mere error. It would not oust the commission of jurisdiction, nor justify a writ of review.

The writ is denied.

Sloss, J., Lawlor, J., Melvin, J., and Angellotti, C. J., concurred.