[S. F. No. 7908. In Bank.—June 1, 1917.]

D. SANTA and GEORGIA CASUALTY COMPANY (a Corporation), Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION and MABEL CORDOVA, Respondents.

WORKMEN'S COMPENSATION ACT — CAUSE OF DEATH OF EMPLOYEE — RUPTURE OF VENTRICLE OF HEART.—In this proceeding before the Industrial Accident Commission to recover compensation for the death of an injured employee, the evidence is held sufficient to show that while the immediate cause of the death was a small rupture of the right ventricle of the heart, such rupture was caused by an embolus emanating from the wound which the employee suffered from an accident in the course of his employment.

ID.—CONCLUSIVENESS OF FINDINGS OF COMMISSION.—The commission is the final judge of the facts, and its findings cannot be overturned where they have the support of evidence upon which a reasonable man could come to the conclusion which was reached.

APPLICATION for a Writ of Certiorari to review an award of the Industrial Accident Commission of the State of California.

Redman & Alexander, for Petitioners.

Christopher M. Bradley, for Respondents.

SLOSS, J.—*Certiorari* to review an award of the Industrial Accident Commission, awarding compensation to Mabel Cordova for the death of her husband, Ferdinand Cordova.

Cordova, the decedent, was employed as a painter by the petitioner, Santa. In the course of his work, he fell from a ladder, sustaining a fracture of the pelvic bone. The accident occurred on October 30, 1915, and on November 14, 1915, Cordova died. The only point made in opposition to the award is that there was no evidence that the injury was the proximate cause of death.

It appeared that Cordova was thirty-eight years of age, and had been in good health prior to the accident. After falling from the ladder, he was taken to a hospital, and the injured part was encased in a plaster cast. He remained in the hospital, confined to his bed, and was apparently making satisfactory progress toward recovery, until the fourteenth day of November, 1915, when he suddenly died. The ensuing autopsy disclosed, as the immediate cause of death, a small rupture of the right ventricle of the heart. The surgeon who performed the autopsy stated that the wall of the ventricle was unusually thin, but that in other respects the heart was in normal condition. He did not discover an embolus. He, as well as the attending physician, inclined to think that the facts did not indicate any causal connection between the injury and the subsequent heart rupture.

On the other hand, Dr. Ophuls, a pathologist, who had made a microscopic examination of the heart, testified, in effect, that while the wall of the ventricle was thin, it was not more so than in many cases of men in normal health; that, in the absence of any sudden or great exertion on the part of the deceased (of which there was no evidence), he would attribute the rupture to a sudden pressure of blood upon the wall of the ventricle, and that such pressure might well have been caused by the lodging of an embolus in an artery leading from the heart to the lungs. Such an embolus could have resulted from the pelvic fracture, and been carried from the point of its origin to the heart. Dr. Ophuls testified, further, that an embolus was easily lost or overlooked in the course of

an autopsy, and that the failure to discover one did not necessarily indicate that it had not existed.

This was substantial testimony justifying the commission's inference and finding that the injury had been the proximate cause of Cordova's death. It is true that, on cross-examination, Dr. Ophuls said he could not state that, in fact, there had been an embolus, and that his explanation of the cause of death was "guesswork." But a reading of his entire testimony shows that he did not, by this, mean to say that he was indulging in mere conjecture or speculation. He was giving what, on the facts before him, and in the light of medical science, appeared to be the most probable explanation of the event. The theory that an embolus arising from the injury had caused the death was "guesswork" only in the sense that there was no direct evidence of the existence of such embolus. But, in Dr. Ophuls' view, other conceivable causes were excluded by the conditions which were shown, and the one which he advanced remained as the most probable one. This was a sufficient basis for the action of the commission. Absolute proof or mathematical demonstration is not required. (Code Civ. Proc., sec. 1826.) The commission is the final judge of the facts, and its findings cannot be overturned where they have the support of evidence upon which a reasonable man could come to the conclusion which was reached. There is such evidence here.

The award is affirmed.

Shaw, J., Melvin, J., Henshaw, J., and Angellotti, C. J., concurred.

Rehearing denied.