[Civ. No. 2360.    First Appellate District.—March 6, 1918.]

## SHELL COMPANY OF CALIFORNIA et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

Workmen's Compensation Act—Second Injury—Relation to Original Accident—Sufficiency of Evidence.—In this proceeding to review an award of compensation made by the Industrial Accident Commission for the death of an employee following the performance of a surgical operation made necessary by a second injury received while obeying the doctor's instructions to exercise his leg, which had

been fractured in the original accident, it is held that the evidence supports the finding that the second injury arose from a condition produced by the first injury.

ID.—MANNER OF SECOND INJURY—EVIDENCE—DECLARATIONS OF DECEASED.—Under the amendment of 1915 to section 77 (a) of the Workmen's Compensation Act, making hearsay evidence admissible in cases of death, where the hearsay testimony relates directly to the injury in question, declarations of the deceased to the effect that his crutch slipped and that he fell, refracturing his bone, are admissible where death resulted from an operation made necessary by such injury.

ID.—EVIDENCE—DEGREE OF PROOF.—The Workmen's Compensation Act does not require demonstration as to the cause of death, but only that degree of proof which produces conviction in an unprejudiced mind.

APPLICATION for a Writ of Review originally made to the District Court of Appeal for the First Appellate District to review an award of the Industrial Accident Commission.

The facts are stated in the opinion of the court.

Redman & Alexander, for Petitioners.

Christopher M. Bradley, for Respondent Industrial Accident Commission.

Henry S. Richmond, for Respondent Fleming.

BEASLY, J., *pro tem.*—Petition for writ of review by the Shell Company of California against the Industrial Accident Commission and Catherine Fleming, individually, and as guardian *ad litem* of John Fleming.

The undisputed facts of this matter are briefly these: On July 8, 1916, the husband of the respondent, Catherine Fleming, and father of John Fleming, received an injury while in the employ of the petitioner, the Shell Company of California, by which the neck of his femur was broken. He made a slow recovery, and on January 11, 1917, while exercising his leg by walking in his yard, under the special direction of his surgeon so to do, he slipped and refractured the bone at the same point. The bones never united after this second fracture except by a fibrous connection, and on April 27, 1917, the doctor decided that an open operation was necessary to readjust the bone. This was performed, and while the

operation seemed to be a success, it transpired that within a few hours thereafter his stomach filled with gas and became greatly distended, his heart collapsed, and he died.

The Industrial Accident Commission awarded a death benefit to the respondents, Catherine Fleming and John Fleming, and the petitioner applies to this court to have this award set aside upon the usual grounds.

The points made against the award are two. The first is that the second accident was independent of the first, and that therefore no award can be made therefor; and the second point is that Mr. Fleming died from causes not in any way connected with the original accident.

We are satisfied that both points must be decided upon the facts and that the award must be sustained, and we will briefly give our reasons for this conclusion.

The undisputed facts are as above stated; and it appearing therefrom that Fleming at the time of his second injury was obeying his doctor's instructions to exercise his leg, that he fell and that the fibrous connection which had been established was torn loose at the point of the previous fracture, are circumstances which seem to us to be conclusive to the effect that this second injury arose from a condition produced by the first injury.

Petitioner, however, contends that this is not so, and it is therefore proper to state that in addition to the circumstances above specified there was other evidence which must be satisfying to anyone that the condition did arise from the condition produced by the original accident. This evidence consists of declarations of the deceased to the effect that his crutch slipped and that he fell. He made other statements of the circumstances connected with the accident, but none which, it seems to us, are inconsistent with this statement, and even if they may be so considered, this court will not say that the Industrial Accident Commission was not correct in adopting this statement that his crutch slipped and that he thus fell and refractured his bone.

The petitioner further contends with respect to this testimony that it was hearsay, and therefore not admissible. It insists that the rule in the cases of *Englebretson* v. *Industrial Accident Commission*, 170 Cal. 793, [151 Pac. 421, 10 N. C. C. A. 545], and *Employers' Assurance Corporation* v. *Industrial Accident Commission*, 170 Cal. 800, [151 Pac. 423],

36 Cal. App.—30

against the same defendant, still obtains in this state; but since those cases were decided, section 77 (a) of the Workmen's Compensation Act has been amended [Stats. 1915, p. 1102], so as to make hearsay evidence admissible in cases of death where the hearsay testimony relates directly to the injury in question. Petitioner contends that this statute is not broad enough to cover the present case in that, as it claims, the evidence as to the manner of occurrence of the second accident does not directly relate to the injury which the statute seeks to compensate.

We cannot concede so narrow a construction to the amendment. Its purpose was to permit hearsay evidence to be given in support of a claim in case of death, and as this second injury was the direct outcome of the first, we think the statute broad enough to cover it and to permit hearsay evidence of the manner in which it occurred to be given in this case.

In support of its second point, that death was caused by extraneous circumstances and not by the surgical operation, the petitioner insists that the evidence is so conflicting and inconclusive that it will not sustain the award.

The facts as to the manner of Mr. Fleming's death, that is, that he was operated upon by the opening of his hip and the readjustment of its bones, and that some hours later he died from inflation of his stomach caused by an accumulation of gas pressing against the diaphragm and causing the heart to collapse, there seems no reasonable ground to dispute, but the doctors differed somewhat in their opinions as to what caused the accumulation of the gas, and whether Fleming died from the failure of a weak heart, or whether the heart collapsed as a result of the action of the gas. Dr. Gibbons, the medical adviser of the Industrial Accident Commission, gave it as his opinion that the condition stated by the attending physicians reasonably showed that death was due to the operation, and added that this opinion was not based upon possibilities but upon the probabilities of the case. He believed that the death was caused by the condition produced by the anesthetic, or operation, or both. He admitted that other causes might operate to cause the accumulation of gas, but after examining the entire record, including the testimony of the other doctors, and having all the facts available before him, he stated that no other factor was disclosed by the

record which might have produced the condition referred to except the anesthetic and the surgical operation.

It is conceded that other causes may be followed by an accumulation of gas in the stomach, and also that the heart might have collapsed from natural causes, and counsel for petitioner therefore urges that the evidence is not sufficient to sustain the finding upon this point. But Dr. Gibbons may be said, in the language of the supreme court in *Santa* v. *Industrial Accident Commission*, 175 Cal. 235, [165 Pac. 689], "to have been giving what on the facts before him and in the light of medical science appeared to be the most probable explanation of the event." We can, therefore, see no distinction between that case and this, and, besides, the law does not require demonstration, but only that degree of proof which produces conviction in an unprejudiced mind, and surely no unprejudiced mind, reading the statements of these physicians as to the manner of this man's death, could come to any other reasonable conclusion than that Fleming died as the result of this surgical operation. The commission found in accordance with Dr. Gibbons' opinion on this point, and this finding in the state of the evidence we may not disturb.

For the reasons given the petition is dismissed.

Zook, P. J., *pro tem.*, and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 3, 1918.