[Civ. No. 4740. First Appellate District, Division One.—October 17, 1923.]

CHRISTOPHER RODRIGUEZ et al., Petitioners, v. THE INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—DEATH OF EMPLOYEE—CAUSE OF —FINDINGS—EVIDENCE—CERTIORARI.—In a proceeding by the heirs of a deceased employee to have reviewed an order of the Industrial Accident Commission denying compensation for death, the find-

1. Right and extent of review of findings of commission under Workmen's Compensation Act, notes, Ann. Cas. 1916B, 475; Ann. Cas. 1918B, 647; L. R. A. 1917D, 186.

ings of the commission to the effect that said employee died from general peritonitis, but that the evidence was insufficient to establish as a fact that his death was proximately or at all caused by injury, are not subject to review where they are based on conflicting evidence.

PROCEEDING in Certiorari to annul an award of the Industrial Accident Commission denying compensation for death. Award affirmed.

The facts are stated in the opinion of the court.

Emil G. Buehrer for Petitioners.

Warren H. Pillsbury for Respondent Industrial Accident Commission.

Cooley & Crowley for Respondents Pacific Box Factory and Federal Mutual Liability Insurance Co.

TYLER, P. J.—Petition for a writ of review for the purpose of determining the lawfulness of an original award made by the Industrial Accident Commission in favor of respondents, and denying petitioners compensation for the death of one Joseph Rodriguez. The petition is also for the purpose of having determined the lawfulness of the order of the Commission denying applicants' petition for a rehearing in the matter of the award.

The applicants are the parents and the minor brothers and sisters of deceased, who was seventeen years of age and was employed by respondent, Pacific Box Company, at its plant located at San Francisco. Both the employer and employee were subject to the provisions of the Compensation Act (Stats. 1917, p. 831), and the employer was insured against liability by respondent Federal Mutual Liability Insurance Company.

On the eleventh day of December deceased, while attending to his duties in operating a circular saw, was injured, so it is alleged, by a piece of timber which had caught in some machinery in the vicinity of where he was working and thrown in the air in his direction. Shortly thereafter he sank to the floor on his hands and knees. No one saw him struck. He was conveyed to a hospital, where he was

attended by a physician within a half hour after the accident. No indications of bruising or violence were noted at any time upon his body except that he had a laceration of the face about half an inch long. The examining physician found him dazed and suspected a fracture of the skull. His blood pressure was abnormally high. The abdomen was examined and found to be rigid. After examination the physician diagnosed the case as a rupture of some abdominal organ with hemorrhage into the abdominal cavity. An operation was performed about four hours after the accident, and upon opening the abdomen a large amount of cloudy fluid was found in the abdominal cavity, indicating a diseased condition. An examination disclosed no rupture of the stomach or other abdominal organ. No indication was found of any ruptured blood vessel bleeding into the abdominal cavity and the color of the fluid did not indicate a fresh hemorrhage. Pneumonia developed the day following the operation, which, complicated by acute peritonitis, caused death on December 13th.

It was stipulated that witnesses would testify that deceased attended a dance the Sunday previous to the day of the accident without any indication of sickness.

Petitioners contended before the Commission, and do here, that death resulted from acute peritonitis due to a blow upon the abdomen. The autopsy physician found a general peritonitis, but could find no signs of injury, either external or internal, or any signs of rupture of any abdominal organ. Dr. Rusk, pathologist of the University of California Medical School, reported upon specimens taken from the body and gave as his conclusion that an infection was present before the injury which could not have been developed after it or as a result of it, and that the patient would in all probability have died from the infection had he had no injury.

The reports of other physicians showed that the viscera failed to reveal any rupture or injury to any organ or evidence of injury, and that a complete and exhaustive search also failed to show any perforation or rupture of any viscus, and, further, that there was no evidence of any trauma of any sort except that produced by the surgical procedure.

As against this evidence a physician, called on behalf of the claimants, who did not see the case during the boy's lifetime, testified that in his opinion the injury, if there was one, to the abdomen could have caused an oozing of blood through the abdominal organs into the pelvic cavity without creating a rupture visible to the naked eye, and that this condition could cause the peritonitis even in as short a period as occurred in the case. This evidence was squarely disputed by other medical evidence.

The findings of the Commission were to the effect that the employee died from general peritonitis, but that the evidence was insufficient to establish as a fact that his death was proximately or at all caused by the injury.

In accordance with these findings it was ordered that the applicants take nothing by reason of their claim.

[1] The situation here presented is one of a decision based upon conflicting evidence and is therefore not subject to review. (*Great Western Power Co.* v. *Pillsbury*, 170 Cal. 180 [149 Pac. 35]; *Santa* v. *Industrial Acc. Com.*, 175 Cal. 235 [165 Pac. 689].)

The award is affirmed.

St. Sure, J., and Richards, J., concurred.