[S. F. No. 11209.  In Bank.—December 22, 1924.]

STATE COMPENSATION INSURANCE FUND, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT — PERSONAL INJURIES — WRENCH FROM SLIPPING ON FLOOR—PROOF—HEARSAY EVIDENCE.—In a proceeding before the Industrial Accident Commission for an award for personal injuries resulting in death, the fact of a wrench or sudden physical exertion caused by the deceased's slipping on the floor of his office, which it is claimed was the proximate cause of the injury, is provable by hearsay evidence under the provisions of the Workmen's Compensation Act as it now stands.

[2] ID.— AMENDMENT TO ACT — CONSTRUCTION. — The cases construing the Workmen's Compensation Act since the adoption of the amendment of 1917 (Stats. 1917, sec. 60, p. 831, c. 586) leave no room for doubt as to the probative sufficiency of hearsay evidence if in the judgment of the Commission such evidence carries with it convincing force; it is, in this class of cases, legal evidence and may be sufficient in itself to sustain an award.

[3] ID.—WEIGHT OF EVIDENCE—PROVINCE OF COMMISSION.—In a proceeding before the Industrial Accident Commission for an award for personal injuries, the weight, effect, and sufficiency of the testimony is peculiarly within the province of the Commission.

[4] ID.—FINDINGS OF COMMISSION—REVIEW.—The findings of the Industrial Accident Commission on questions of fact cannot be reviewed by the court where there exists substantial evidence to support it.

[5] ID.—EXPERT TESTIMONY—ADMISSIBILITY AND WEIGHT OF.—The law makes no distinction between expert testimony and evidence of other character, and it is to be given the weight to which it appears in each case to be justly entitled.

2.  See 10 **Cal. Jur.** 1038.

3.  Conclusiveness of findings and sufficiency of evidence as to what constitutes accident or personal injury within Workmen's Compensation Act, note, **L. R. A.** 1918F, 877.

5.  Weight of expert testimony, note, 4 **Ann. Cas.** 986. See, also, 10 **Cal. Jur.** 1027.

[6] ID.—HEARSAY EVIDENCE—FAILURE TO OBJECT TO BEFORE COMMIS
SION.—Where no objection is made to hearsay evidence before the
Industrial Accident Commission, an objection for the first time
before the district court of appeal comes too late.

(1) Workmen's Compensation Acts, **C. J.**, p. 116, sec. 114.   (2)
Workmen's Compensation Acts, **C. J.**, p. 116, sec. 114.   (3) Workmen's Compensation Acts, **C. J.**, p. 123, sec. 127.   (4) Workmen's Compensation Act, **C. J.**, p. 122, sec. 127.   (5) Workmen's Compensation
Acts, **C. J.**, p. 728, sec. 823.   (6) Workmen's Compensation Acts,
**C. J.**, p. 121, sec. 125.

PROCEEDING in Certiorari to review an award of the
Industrial Accident Commission for injuries resulting in
death.   Award affirmed.

The facts are stated in the opinion of the court.

Frank J. Creede, B. E. Pemberton and John J. Taheny
for Petitioner.

Warren H. Pillsbury and R. B. Gaylord for Respondents.

SEAWELL, J.—This proceeding is before us on a petition
for a writ of *certiorari* praying for the annulment of an
award made by the Industrial Accident Commission.

Herbert O. Willson was the business agent of the Plumbers' and Gas Fitters' Local Union No. 444, with offices in
the Labor Temple, in the city of Oakland.   His death occurred
August 1, 1922, following an illness of four days' duration
and, it is claimed, that an abdominal injury received July
28, 1922, and arising out of and in the course of his employment was the proximate cause of his death.   His wife, Kathryn R. Willson, the applicant, is the only defendant.   Petitioner is the insurance carrier.

At the first hearing of the application by the Industrial
Accident Commission said Commission denied the applicant
any compensation whatsoever.   A rehearing was granted and
an award aggregating five thousand dollars was made in her
favor.   Upon petition for a writ of *certiorari*, the district
court of appeal, first district, first division, annulled the
award.   The cause is before us for hearing.

The principal objection made to the validity of the Commission's award is the reception by it of hearsay testimony of a jurisdictional character, and without which, it is contended, the award cannot be sustained. As to whether or not there is sufficient evidence without having recourse to the hearsay testimony to sustain the award, we will not attempt to point out, as the view we take of the objection made to the admissibility and sufficiency of the hearsay testimony to establish the main controverted fact renders it unnecessary to do so. If it be conceded as a fact that decedent while engaged in his duties as an employee slipped and in attempting to avoid falling so severely wrenched or contorted his body as to have brought about a hernia or rupture of the bowel, it must then be further conceded that the evidence in the case was sufficient to establish a causal relation between the wrenching or twisting of the body and the death. It is not contended that if decedent slipped upon the floor, as claimed, that he was not at the time engaged in performing duties arising out of and in the course of his employment. It is petitioner's contention that if decedent suffered a wrench in the manner claimed, which was the proximate cause of death, that no evidence except hearsay has been offered to prove it and that such evidence is not competent or sufficient to establish a jurisdictional fact.

The deceased was about forty years of age, less than six feet in height, and weighed about 280 pounds. The evidence shows that he had been a reasonably strong and active man. He was apparently in good health and spirit as he went to his employment on the morning of July 28, 1922. He arrived at his office at about 8 o'clock that morning. At 9:30 he complained to a fellow-employee that he had a pain in his bowels. In surmising the cause of his illness he related the circumstance of having partaken of crab at the family meal the evening before. He also referred to the incident of having slipped. The mentioning of the latter circumstance, as well as the former, cannot be accounted for on any other theory than that the wrenching had some causal connection with his illness. The pain having become more acute he returned to his home at 10:30 A. M., looking quite pale. He said to his wife that he was ill and complained of suffering from pain in his stomach. Home remedies were applied

without affording much, if any, relief. The pain was recurrent. At about noon he went to his office to attend to important business matters and at 1 o'clock P. M. returned to his home. His trips to and from his office were made by automobile transportation. His condition became perceptibly worse throughout the afternoon and at about 7 o'clock that evening a physician was summoned. As his condition refused to respond to treatment other physicians were called into consultation and on Monday, July 31st, he was taken to a hospital, and operated upon for abdominal trouble. He died on the following day.

In the very earliest hours of his sickness he referred to the crab that he had eaten and also made mention of having slipped upon the floor of his office. His symptoms evidently impressed him as being out of the ordinary. Immediately after the physicians had decided that an operation was imperative, Mr. Willson called his wife to his side to make his last request and give her advice as to his business affairs. He expressed to her the belief that the end of his life had come. He further admonished her to keep in mind the fact that he had slipped in his office. His language, as repeated by the wife, was, "You remember I slipped in my office, on account of compensation." He was then taken into the operating-room. In relating such facts and circumstances as might throw light upon his condition and enable his physician to intelligently treat him, he explained that he had slipped at his office while at work and stated that the pain occurred immediately thereafter. The physician testified that decedent said to him, to quote his words, "That he slipped and trying to save himself from falling had strained—apparently strained the abdomen as he had severe, sharp pains at that time which had continued." Four witnesses, the decedent's wife, the latter's sister, a fellow-employee, and the attending physician, testified before the Commission that decedent in accounting for the probable cause of his condition spoke of having slipped upon the floor and the wrenching or twisting of his body incidental to the effort made to prevent him from falling. This testimony comes within that class known as hearsay. [1] That the wrench or sudden physical exertion, which it is claimed was the proximate cause of the injury, was provable by hearsay evidence there

can be no doubt under the provisions of the Workmen's Compensation Act, as the law now stands.

*Englebretson* v. *Industrial Acc. Com.*, 170 Cal. 793 [151 Pac. 421], and *Employers' Assur. Corp.* v. *Industrial Acc. Com.*, 170 Cal. 800 [151 Pac. 423], relied upon by petitioner as cases holding that jurisdictional facts are not provable by hearsay evidence and that such evidence is insufficient to support an award, are cases that construed that portion of section 77 of the original Workmen's Compensation, Insurance and Safety Act (Stats. 1913, p. 279, c. 176), which provided that the Commission should be governed by the rules of practice and procedure adopted by the Commission, and in the conduct thereof neither the Commission nor any member thereof, nor any referee appointed thereby, should be bound by the *technical rules* of evidence. It further provided that no informality in any proceeding or in the manner of taking testimony should invalidate any order, decision, award, rule, or regulation made, approved, or confirmed by the Commission. This court held in the Englebretson case that neither the language referred to, nor any other language appearing in said act, authorized the Commission to make an award which had no other grounds to support it on questions of jurisdictional facts than merely hearsay testimony. The act was amended in 1915 (Stats. 1915, sec. 28, p. 1079, c. 607) and the clause providing that the Commission shall not be bound by *the technical rules of evidence* was readopted and the following language significantly added: "nor shall any order, award, rule or regulation be invalidated because of the admission into the record, and use as proof of any fact in dispute, in the discretion of the commission, of any hearsay or testimony not competent to be admitted in a trial in court; provided, that such hearsay or testimony be or refer to the statements, written or oral, of a person who is dead or who cannot after diligent search be found, and relate directly to the injury in question."

Since the amendment of 1915 no decision of this court has flatly held that hearsay evidence alone is not sufficiently stable to sustain an award. *Southern Surety Co.* v. *Industrial Acc. Com.*, 173 Cal. 678 [160 Pac. 884], is a short opinion that upholds the constitutionality of the hearsay

clause contained in the amendment of 1915, and states that there is substantial evidence in the record aside from the hearsay complained of sufficient to establish the fact that the decedent received the injury in question while in the service of the persons who were held to have employed him and that it arose out of his employment. "This being true," in the concluding words of the opinion, "the admission of incompetent evidence to prove the same would be mere error. It would not oust the commission of jurisdiction, nor justify a writ of review." Nowhere in the opinion is it pointedly said that the award would have been annulled if the fixing of liability rested wholly upon hearsay. The Englebretson case and its companion case were not cited in the later decision. *Western Indemnity Co.* v. *Industrial Acc. Com.,* 174 Cal. 315 [163 Pac. 60], and *Employers' Liability Assur. Corp.* v. *Industrial Acc. Com.,* 179 Cal. 432 [177 Pac. 273], go no further than to recognize the admissibility of hearsay evidence as legal evidence under the Workmen's Compensation Act, *and expressly* uphold the constitutionality of said provisions. One of the last cases decided in this state under the 1915 statute is *Shell Co.* v. *Industrial Acc. Com.,* 36 Cal. App. 463 [172 Pac. 611]. It is there said:

"The petitioner further contends with respect to this testimony that it was hearsay, and therefore not admissible. It insists that the rule in the cases of *Englebretson* v. *Industrial Acc. Com.,* 170 Cal. 793 [151 Pac. 421, 10 N. C. C. A. 545], and *Employers' Assur. Corp.* v. *Industrial Acc. Com.,* 170 Cal. 800 [151 Pac. 423], against the same defendant, still obtains in this state; but since those cases were decided, section 77a of the Workmen's Compensation Act has been amended [Stats. 1915, p. 1102], so as to make hearsay evidence admissible in cases of death where the hearsay testimony relates directly to the injury in question. Petitioner contends that this statute is not broad enough to cover the present case in that, as it claims, the evidence as to the manner of occurrence of the second accident does not directly relate to the injury which the statute seeks to compensate.

"We cannot concede so narrow a construction to the amendment. Its purpose was to permit hearsay evidence to be given in support of a claim in case of death, and as this

second injury was the direct outcome of the first, we think the statute broad enough to cover it and to permit hearsay evidence of the manner in which it occurred to be given in this case.''

In 1917 (Stats. 1917, sec. 60, p. 831, c. 586), the law was again amended, so it would seem, as to give expression to the intent of the law-making body in unmistakable language. It provided as follows:

· ''All hearings and investigations before the commission or any member thereof, or any referee appointed thereby shall be governed by this act and by the rules of practice and procedure adopted by the commission, and in the conduct thereof neither the commission nor any member thereof, nor any referee appointed thereby, shall be bound by the common law or stautory rules of evidence and procedure, but may make inquiry in such manner, through oral testimony and written and printed records, as is best calculated to ascertain the substantial rights of the parties and carry out justly the spirit and provisions of this act. No informality in any proceeding or in the manner of taking testimony shall invalidate any order, decision, award, rule or regulation made, approved or confirmed by the commission; nor shall any order, award, rule or regulation be invalidated because of the admission into the record, and use as proof of any fact in dispute, of any evidence not admissible under the said common law or statutory rules of evidence and procedure.''

[2]    The cases construing the act since the adoption of the amendment of 1917 leave no room for doubt as to the probative sufficiency of hearsay evidence if in the judgment of the Commission such evidence carries with it convincing force.    It is, in this class of cases, legal evidence and may be sufficient in itself to sustain an award.

*Pacific Gas & Electric Co.* v. *Industrial Acc. Com.,* 180 Cal. 497 [181 Pac. 788], is decisive of the point under discussion.    The jurisdictional fact of whether Kendall, the deceased, was an employee of the petitioner Perry or copartner was the question involved.    To rebut evidence offered to show that he was a copartner the testimony of decedent's wife, sister, and other witnesses was received to prove the

declarations of deceased to the effect that the relation of a copartnership did not exist. We there said:

"This was hearsay, and petitioner Perry, conceding its admissibility under the express provisions of the statute (Stats. 1917, sec. 60a), states: 'It may be said that it is for the commission alone to say as to the weight of credibility to be given to this evidence. If so, then the commission may, arbitrarily or otherwise, as in the present case, disregard, *in toto,* all evidence heretofore considered by the law and the courts as admissible and entitled to any consideration at all, and base its findings on the sandy foundations of some hearsay evidence, giving to such hearsay as great or greater weight than it would be entitled if it were concededly of the most competent character, without limitation on the commission of any source of redress on the part of one aggrieved thereby.' It being granted that the testimony was admissible, it follows of course, that the weight of the evidence is to be determined by the commission. It is true that when we depart from well-recognized principles of law concerning the admissibility of evidence, we embark on a sea of difficulty. This was pointed out in August, 1915, in *Englebretson* v. *Industrial Acc. Com.,* 170 Cal. 793 (151 Pac. 421), concerning hearsay evidence. The legislature, however, has expressly provided that neither the commission nor its referees, 'shall be bound by the common law or statutory rules of evidence or procedure, . . . nor shall any order, award, rule, or regulation be invalidated because of the admission into the record, and use as any proof of any fact in dispute or of any evidence not admissible under the said common law or statutory rules of evidence and procedure.' (Stats. 1917, p. 871, sec. 60a.) Similar provisions of the law of 1915 have been considered by this court and upheld. (Stats. 1915, p. 1102, sec. 77a; *Western Indemnity Co.* v. *Industrial Acc. Com.,* 174 Cal. 315 [163 Pac. 60]; *Employers' Liability Assur. Corp.* v. *Industrial Acc. Com.,* 179 Cal. 432 [177 Pac. 273].) It may be remarked, however, in this connection that the testimony of both Perry and his wife upon which he relies to establish the fact of acceptance by deceased, although permitted by our statute, was inadmissible under the common law, on the ground of their interest in the controversy. (1 Greenleaf on Evidence, secs. 326, 328c.

333b, 334, 335, 341; *Dawley* v. *Ayers,* 23 Cal. 108.) The finding of the commission that the relationship between Perry and the deceased was that of employer and employee is binding upon this court."

In its discussion of the amendment of 1917, 10 Cal. Jur. 1039, sec. 290, is in accord with our conclusion. It is there said: "This provision, in effect, makes hearsay admissible generally in hearings before the Industrial Accident Commission, and the weight of such evidence, of course, is a question for the determination of the commission." Schneider's Workmen's Compensation Law, pp. 1355-1358, sec. 508, is to the same effect; see, also, *Ocean Acc. & G. Corp.* v. *Industrial Acc. Com.,* 180 Cal. 389 [182 Pac. 35].

In concluding this subject it is proper to add that the solemnity of the situation out of which the hearsay evidence in this matter arose entitles it to a place in the first rank of evidence of its. class.

[3] Petitioner attacks the evidence as not being sufficient to sustain the award. The weight, effect, and sufficiency of the testimony is peculiarly within the province of the Commission. But if we were authorized to sit in judgment upon the weight of the evidence, as it comes to us in the record, we would be compelled to hold with the Commission on its finding that it preponderates in favor of the award.

Septic peritonitis is admitted to have been the immediate cause of death. Eight physicians, most of whom personally appeared at the hearing as witnesses while others submitted reports in writing, expressed expert opinions as to the cause of Mr. Willson's death. Two or three of this number had attended him in his last illness and had assisted in performing the operation. All of the physicians, with the exception of one or two, were of the opinion that the eating of crab, or that food poisoning in any form, had nothing whatever to do with decedent's death. Appendicitis was eliminated by all. The consensus of the opinion was that ulcer of the bowel of long standing was but a remote possibility. If the wrench of the body be accepted as a proven fact in the case, the symptoms that followed form the foundation of a strong probability that the slip was the proximate cause of death. One of the physicians, who was active in the treatment of the decedent, testified that if the slip, which was followed

by immediate pain and other described symptoms, be conceded, it furnishes quite positive proof that the wrench or twisting of the body was the proximate cause of the illness which resulted in death.   The greater number of physicians corroborate this conclusion.   One physician testified that "he [decedent] was a very stout person and we know that sometimes stout people develop strangulated hernia from slips or contortions of various kinds."   Decedent's condition may consistently and reasonably be accounted for on the theory of strangulated hernia, superinducing peritonitis, following a jar or slip.   In fact this pathological assertion was not combated by any witness.   It was the consensus of medical opinion.   No witness testified that the cause of the illness was inconsistent with the theory that the wrenching of the body was its origin.   The principal witness adverse to the opinion held by the majority admitted that it was not uncommon for strain or bodily movement to result in strangulation of the bowel.   He was of the opinion that food poisoning was the cause of decedent's illness.   The foundation of his opinion in this respect rested upon the fact that gangrene of the bowel was not observed.   But as explained by the other physicians the operation was hurriedly performed and the great quantity of fat tissue found in the abdomen impeded an examination to ascertain if a loop of any portion of the bowel had actually become gangrenous.   This condition might have been found had a close or careful examination been made.   The patient's condition was too critical for explorations.   No autopsy was made.

[4]   There can be no doubt but that there is ample substantial evidence in the case to sustain the ruling of the Commission.   The finding of the Commission on questions of fact cannot be reviewed by this court where there exists substantial evidence to support it.   (Workmen's Compensation, Insurance and Safety Act, sec. 67 (b), (c), and (d); *Walker* v. *Industrial Acc. Com.,* 177 Cal. 737 [L. R. A. 1918F, 212, 171 Pac. 954]; *Eastman* v. *Industrial Acc. Com.,* 186 Cal. 587 [200 Pac. 17]; *Santa* v. *Industrial Acc. Com.,* 175 Cal. 235 [165 Pac. 689]; *Great Western Power Co.* v. *Pillsbury,* 170 Cal. 180 [149 Pac. 35]; *Roebling, etc.,* v. *Industrial Acc. Com.,* 36 Cal. App. 10 [171 Pac. 987]; *Rodri-*

*guez* v. *Industrial Acc. Com.,* 64 Cal. App. 141 [220 Pac. 1075].)

[5] Petitioner assails the acceptance of expert testimony on the ground that it is too insubstantial to sustain the award in this case. The rule as to the value of such evidence is well settled. Expert testimony is often the only testimony available. Especially is this true in cases where the truth is occult and can be found only by resorting to the sciences. Such testimony is to be given the weight to which it appears in each case to be justly entitled. The law makes no distinction between that kind of testimony and evidence of other character. (*Treadwell* v. *Nickel,* 194 Cal. 243 [228 Pac. 25]; *Rolland* v. *Porterfield,* 183 Cal. 466 [191 Pac. 913]; *Estate of Blake,* 136 Cal. 306 [89 Am. St. Rep. 135, 68 Pac. 827]; *In re Nelson,* 191 Cal. 280 [216 Pac. 368]; 10 Cal. Jur. 974, sec. 232.)

[6] It does not appear that an objection was made to the hearsay evidence when offered before the Commission but that objection was made for the first time in the district court of appeal. The well-established rule is that the objection under such circumstances comes too late. (*McFeely* v. *Industrial Acc. Com.,* 65 Cal. App. 45 [223 Pac. 413].) However, we have considered the case on its merits and feel satisfied that the award must be affirmed.

It is so ordered.

Richards, J., Lawlor, J., Lennon, J., Waste, J., Shenk, J., and Myers, C. J., concurred.