[Civ. No. 5445. First Appellate District, Division One.—April 13, 1926.]

## PACIFIC EMPLOYERS' INSURANCE COMPANY, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and ED. TERRELL, Respondents.

[1] WORKMEN'S COMPENSATION ACT—PLACE FOR EATING MEALS—REQUIREMENT OF EMPLOYER—HEARSAY EVIDENCE—SUFFICIENCY OF.—In a proceeding for compensation before the Industrial Accident Commission by an employee who was injured a few minutes before his working hours commenced while passing over the working premises of his employer for the purpose of obtaining breakfast at the latter's cookhouse situated thereon, testimony of the employee, given in response to a question as to whether employees were required by the employer to take their meals at the cookhouse, that he had heard parties say that the employees were required to do so as a condition to employment, relating a specific instance in which an employee was so required, while hearsay, was admissible, and, there being no evidence to the contrary, had probative weight sufficient to support the conclusion that the employees were expected and in effect required to procure their meals at the cookhouse.

[2] ID.—TIME AND PLACE OF INJURY—ACTUAL PERFORMANCE OF WORK—EVIDENCE.—Under the Workmen's Compensation Act, the right to compensation is not restricted to those cases where the injury occurs while the employee is actually manipulating the tools of his calling; but where it appears that the injury occurred on the working premises of the employers and that the employee, while not actually performing the work for which he was employed, was thereon for a purpose contemplated and, by fair inference from the testimony, required by them at a time which, though not within his specified working hours, closely preceded their commencement, the injury is reasonably held to have been sustained in the course of and to have grown out of the employment.

(1) Workmen's Compensation Acts, C. J., p. 115, n. 32. (2) Workmen's Compensation Acts, C. J., p. 80, n. 25, p. 81, n. 37, p. 83, n. 55, p. 84, n. 61.

PROCEEDING on Certiorari to review an award of the Industrial Accident Commission.

1. See 27 Cal. Jur. 480.
2. See 27 Cal. Jur. 392.

The facts are stated in the opinion of the court.

H. C. Kelsey for Petitioner.

Warren H. Pillsbury for Respondents.

CASHIN, J.—*Certiorari* to review an award of compensation made by the Industrial Accident Commission of the state of California to Ed. Terrell.

It is contended by petitioner—which was the compensation insurance carrier for Papageorge and Smario, the employers of Terrell—that the evidence is insufficient to support the findings, and that the Commission in making the award exceeded its jurisdiction.

It was found by the Commission—Terrell being the only witness examined so far as shown by the record—that the latter was employed by the insured as a truck driver in railroad construction work at a point about two miles from Valley Springs, California; that a few minutes before his working hours commenced on the date of the accident, while passing over the working premises of the employers for the purpose of obtaining breakfast at the latter's cookhouse situated thereon, he fell, suffering a fracture of the knee-cap, and that the injury was sustained in the course of and grew out of the employment.

[1] It appears from the testimony that Terrell lodged at a hotel situated a short distance from the working premises of the insured; that the latter provided meals for their employees at a cookhouse upon the premises mentioned for which the employees paid from their wages; that while meals were at times served at the hotel and it was possible for the employee to have obtained them there, according to his testimony such meals were usually served "only if transient people went through," and that the nearest place other than the hotel and cookhouse where meals could be procured was at Valley Springs. The witness further testified in substance, in response to a question as to whether employees were required by the insured to take their meals at the cookhouse, that "he had heard parties say" that the employees were required to do so as a condition to employment, relating a specific instance in which an employee was so required. While the evidence on this point was

hearsay in character, such evidence in this class of cases is admissible, and, if probatively sufficient in the judgment of the Commission, will sustain an award (*Ocean Accident & Guarantee Corp., Ltd.,* v. *Industrial Acc. Com.,* 180 Cal. 389 [182 Pac. 35]; *Pacific Gas & Elec. Co.* v. *Industrial Acc. Com.,* 180 Cal. 497 [181 Pac. 788]; *State Compensation Ins. Fund* v. *Industrial Acc. Com.,* 195 Cal. 174 [231 Pac. 996]; Stats. 1917, p. 831). There being no evidence to the contrary, the testimony mentioned had probative weight sufficient to support the conclusion that the employees were expected and in effect required to procure their meals at the cookhouse. [2] As said in *Judson Mfg. Co.* v. *Industrial Acc. Com.,* 181 Cal. 300, 302 [184 Pac. 1], "the right to compensation is by no means restricted to those cases where the injury occurs while the employee is actually manipulating the tools of his calling"; and where it appears, as here, that the injury occurred on the working premises of the employers; that the employee, while not actually performing the work for which he was employed, was thereon for a purpose contemplated and, by fair inference from the testimony, required by them at a time which, though not within his specified working hours, closely preceded their commencement, the situation is one in principle within the decision in *State Compensation Ins. Fund* v. *Industrial Acc. Com.,* 194 Cal. 28 [227 Pac. 168], and the injury was reasonably held to have been sustained in the course of and to have grown out of the employment.

The award is affirmed.

Tyler, P. J., and Knight, J., concurred.