[Civ. No. 7065. Second Appellate District, Division One.—May 23, 1930.]

GENERAL ACCIDENT, FIRE AND LIFE ASSURANCE CORPORATION, LTD., OF PERTH, SCOTLAND, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and HAZEL FARRELL, Respondents.

Joe Crider, Jr., for Petitioner.

Edward O. Allen for Respondents.

CONREY, P. J.—Petitioner is the insurance carrier for Raymond G. Osborne, who was the employer of Hazel Farrell in the employer's chemical laboratory. Pursuant to application made by the employee the Commission in due course made its award, based upon a finding that the injury of which she complained was proximately caused by her employment and was a direct result of exposure to the fumes of hydrochloric acid, ammonia and acetic acid in a sunless unventilated basement room; that the injury caused temporary total disability from December 31, 1924, continuing indefinitely. This award was dated May 8, 1925. Thereafter the employee filed an additional application for adjustment of claim. After hearing thereon the Commission made an amended award of date October 20, 1926, which contained an additional provision requiring that medical, surgical and hospital treatment be furnished to the employee. Thereafter the applicant petitioned for a further hearing and allowance, and the employer and the insurance carrier applied for an order terminating disability and discharging defendants from further liability.

After further hearing and in due course the Commission made its order of September 3, 1929, wherein it was found, in addition to the previous findings, that said injury caused permanent disability consisting of a moderately advanced active pulmonary tuberculosis, the percentage of permanent disability being fixed at 82¼ per cent. The award thus finally made provided for the sum of $16.39 weekly beginning January 8, 1925, continuing for 240 weeks, and thereafter a life pension at the rate of $5.61 per week, together with further medical and hospital treatment and nursing. These awards were made against the insurance carrier, the employer being relieved from liability.

Rehearing having been denied by the Commission application was made to this court for writ of review, and the writ was issued, on which return has been duly made.

Petitioner contends that the evidence does not show any permanent disability. Aside from certain testimony of Miss

Farrell at the last hearing before the Commission, the evidence concerning the nature and extent of disability of the employee consists of reports made by physicians on behalf of the respective parties, and by a physician appointed by the Commission. The position of the respondent on this question is announced by its counsel as follows: "Respondent frankly admits that there is not to be found in the record any positive expression of opinion of a medical expert stating in so many words that the injured employee's disability is permanent other than the statements of the three doctors testified to by Miss Farrell and hereinafter quoted or that she will not recover from the pulmonary tuberculosis which was active at the time the medical examinations were made and the permanent disability rating issued. On the other hand, there is no medical assertion making any unequivocal statement that she will recover and be restored to industry. The possibility of the continuance of the diseased condition in disabling form for the remainder of life was not ruled out nor does there appear to be any discussion as to the fact and extent of remaining disability were the tuberculosis to be arrested in the near future."

It must be taken as an accepted fact that the injury of the employee took the form of pulmonary tuberculosis. With the exception of Dr. Brown the physicians agree on this point. ■ The only question is whether or not the injury has resulted in permanent disability. The conclusions of Dr. Otto in his report of June 15, 1929, described the condition as follows: "Moderately advanced active pulmonary tuberculosis, which shows remarkable progress in fibrosis and arresting of activity. . . . In my opinion it is out of the question for Miss Farrell to consider resumption of her work, which she is so anxious to do." Dr. Cunningham in his report of June 17, 1929, states that he has examined the patient at regular intervals for two years; that she has made good progress against the disease, but there is evidence of active tuberculosis now. "She is too weak to work even part of the time, and I consider her totally disabled, and recommend the continuance of medical treatment." In the report of Dr. Gill, June 29, 1929, he stated that the tuberculosis process was being fairly well controlled, but felt that, while she has been making fairly consistent progress, per-

haps the patient would do better if she sought a higher altitude. In his report of June 25, 1929, there is contained the following statement: "Prognosis—good."

Dr. Cunningham was appointed by the Commission to make an examination and report. In his report of July 9, 1929, among other things he said, "In so far as the tuberculosis is concerned, the prognosis is favorable. The disability, while total, ought to be of a temporary type and is so considered by me. The prognosis, while favorable, carries with it some degree of uncertainty as to time required for a complete recovery. I should estimate that a period of total disability will probably extend to from one to two years from date. Patient has responded well in the past to rest and a regular dietetic—hygienic treatment, and it is my belief that this method should be followed until recovery is complete."

The record contains a report of Dr. Brown dated May 8, 1929, and of Dr. Bowman (X-ray expert) dated May 25, 1929. These two reports furnish, to say the least, no evidence more favorable to the theory of permanent disability than those found in the reports of the other physicians. ▆▆ Respondent Commission contends that the testimony of Miss Farrell alone is sufficient to support the findings. That testimony, however, is merely a reflection of the opinions of her physicians, which are in the record. Moreover, the subject of inquiry, concerning the probable future history of the disease of the patient, is one which belongs entirely within the scope of expert opinion. This being so, the court is bound by the evidence given by the physicians, even if it is contradicted by nonexpert witnesses. (*William Simpson Const. Co.* v. *Industrial Acc. Com.*, 74 Cal. App. 239, 243 [240 Pac. 58].) The opinion of the Supreme Court as stated in *Rolland* v. *Porterfield*, 183 Cal. 466 [191 Pac. 913], is not in conflict with the ruling in the William Simpson Const. Co. case.

The burden of proving the existence of a permanent disability in this case rested upon the applicant for relief. We have come to the conclusion that the finding of permanent disability is not sustained by the evidence.

The said award of September 3, 1929, is annulled, and the cause is remanded to respondent Commission for such

further proceedings as may be appropriate in accordance with this decision.

Houser, J., and York, J., concurred.