[Civ. No. 7935. First Appellate District, Division One.—December 14, 1931.]

CHARLES H. HART, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and STATE COMPENSATION INSURANCE FUND, Respondents.

H. C. Kelsey for Petitioner.

A. I. Townsend for Respondents.

TYLER, P. J.—*Certiorari* to review an award of the Industrial Accident Commission.

Petitioner suffered an industrial injury to his knee on October 24, 1928. At the time of said injury the State Compensation Insurance Fund was the insurance carrier and it assumed the employer's liability, furnished medical treatment and paid certain disability indemity to the injured employee. On November 19, 1930, petitioner filed with respondent Commission an application for adjustment of claim as to the nature, extent and duration of the disability caused by the injury. Hearing was had and evidence received and the Commission issued its findings and award on January 8, 1931. The injured employee was found to have suffered temporary disability from October 24, 1928, to May 15, 1930, at which time it was further found that his injured condition had become permanent. He was given a permanent disability rating of twenty-five per cent, which entitled him to $20.83 a week for 100 weeks, or the sum of $2,083. On January 27, 1931, the Commission rendered an order correcting the findings and award for clerical error. By said order it was found that petitioner's temporary disability terminated on May 15, 1930, and that the insurance carrier had paid petitioner $2,083 disability indemnity for 100 weeks, which constituted an overpayment for temporary disability; that petitioner was entitled to further operative treatment and would be entitled to further indemnity at said rate for temporary disability caused by said further treatment, less all sums already paid as disability indemnity.

Petitioner's contention is that his disability, contrary to the findings of the Commission, was total and temporary and never did become permanent but remained temporary at all times and that, as a result, he is entitled to temporary compensation from October 24, 1928, to February 1, 1931. at which time he was operated upon, and indefinitely thereafter until his condition becomes cured or is found to be permanent. The number of weeks between October 24, 1928, and February 1, 1931, is 118 3/7, so that if petitioner's contention be correct he is entitled to temporary disability benefits for this period as against one hundred weeks on account of permanent disability. It is not dis-

puted that he will be entitled to temporary disability as a result of the operation of Febuary 1st, but unless his contention be sustained he will not be entitled to be paid by the insurance carrier for the first 18 3/7 weeks thereof, that is, until his temporary disability in point of weeks becomes greater than the amount paid him on account of permanent disability. In other words, if his condition has been at all times temporary, he is entitled to 18 3/7 weeks more compensation than has been awarded him, which amounts to some $383.86.

■ We are of the opinion that petitioner's claim is without merit. The determination of the question as to whether petitioner's injury was permanent at a particular time was purely a question of fact to be ascertained from the evidence. There is evidence in the record to support the conclusion of the Commission and its determination is therefore final and conclusive upon the subject. (*Contractors Indemnity Exch.* v. *Industrial Acc. Com.,* 72 Cal. App. 350 [237 Pac. 404].) The reports of the medical experts show that two years and a half after the accident petitioner's condition was unchanged. This time was ample to justify them in concluding that the injury was permanent. Nor does the fact that further treatment was thereafter had, in the hope of improving petitioner's condition, alter or change the situation. ■ An injured employee, although permanently injured, is entitled to such medical and hospital treatment as may be reasonably required to relieve him from the effects of his injury and the granting of such relief will not in any way alter or otherwise affect the original award. (*United States Fidelity & Guaranty Co.* v. *Department of Industrial Relations,* 207 Cal. 144 [277 Pac. 492].)

As above indicated, the conclusion of the Commission upon questions of this character is a determination of a question of fact and is not subject to review by courts unless palpably contrary to the undisputed evidence. (*Frankfort General Ins. Co.* v. *Pillsbury,* 173 Cal. 56, 59 [159 Pac. 150].) The question being purely one for determination by the Commission, we have no power to alter or change its conclusion. The award is affirmed.

Knight, J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 13, 1932, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 11, 1932.