[Civ. No. 10838.  Second Appellate District, Division Two.—May 18, 1936.]

COUNTY OF LOS ANGELES, Petitioner, v. THE INDUS-
TRIAL ACCIDENT COMMISSION and ALFRED A.
CORDES, Respondents.

Everett W. Mattoon, County Counsel, and Fred M. Cross, Deputy County Counsel, for Petitioner.

Everett A. Corten and Emmet J. Seawell for Respondents.

WOOD, J.—The petitioner, County of Los Angeles, seeks to annul three awards of the Industrial Accident Commission issued November 26, 1935, in favor of Alfred A. Cordes, an employee of petitioner in its forestry department. While engaged in lifting a heavy tire wheel from a truck on December 1, 1933, Cordes slipped and fell. He felt a severe pain in the lower part of his back and his left leg was paralyzed by pain. He was unable to rise and was lifted and put to bed. Medical treatment was furnished by petitioner. Cordes was totally disabled until January 8, 1934, when he returned to work. He was paid compensation for this period. While lifting a motorcycle on July 15, 1934, Cordes suffered a back strain which disabled him until October 3, 1934, when he again returned to work. For this period also he received medical treatment and compensation from petitioner. While making up dormitory beds on June 12, 1935, he suffered another back strain. Petitioner denied liability and no compensation was furnished for this injury. Thereupon Cordes filed claims with the Commission for each of the three injuries.

The three claims were consolidated for the purpose of hearing and the Commission filed findings on each of the claims. It was found, in substance, that Cordes suffered injuries consisting of a strain superimposed upon a preexisting arthritis; that the preexisting arthritis and the three injuries resulted

in "permanent disability consisting of slight limitation of motion of back with pain at limits of motion and on limits of hip flexion; tenderness over lumbar spine". It was further found that the percentage of said permanent disability amounted to 34½ per cent, one-half of which was reasonably attributed to the preexisting arthritis and one-half of which was reasonably attributed to the combined results of the three injuries. The Commission apportioned one-third of the total disability resulting from the injuries to each specific injury.

Petitioner contends that the injury of June 12, 1935, did not arise out of and occur in the course of employment. The witness Percy, under whose supervision Cordes worked, testified that he had directed Cordes to make the dormitory beds for all of .the men "because the boys were assigned to other work and away from the station at that time and he was filling in in their place". The finding of the Commission on this point is supported by the evidence.

Petitioner also contends that the Commission was not justified in making the apportionment set forth in the award between the preexisting arthritis and the several injuries suffered by Cordes. The answer to this contention may be found in *Tanebaum* v. *Industrial Acc. Com.*, 4 Cal. (2d) 615 [52 Pac. (2d) 215], in which a similar apportionment was upheld. The determination of the percentage of disability is a matter left to the sound discretion of the Commission. (*Hines* v. *Industrial Acc. Com.*, 215 Cal. 177 [8 Pac. (2d) 1021].)

Petitioner presents the contention that the evidence is insufficient to justify the findings of permanent disability. It is argued that the permanency of the disability is not established by medical testimony and that the Commission cannot make such findings without expert testimony. The Commission replies that expert testimony is not necessary in all cases and that in the present case there is in fact the testimony of both expert and lay witnesses of sufficient force to justify the findings. The award was made nearly two years after the original injury. Cordes and the superintendent under whom he worked appeared before the officials of the Commission and testified that during this period Cordes could do only light work. His condition remained practically the same. The facts concerning each successive

injury were explained to the Commission. Ever since the first back strain Cordes could not do the heavy labor which he had performed prior to that time. At all times since the first injury Cordes suffered from the back strain and at the time of hearing he was still receiving medical treatment. The medical reports in evidence, made nearly two years after the original injury, were to the effect that the employee's back had never been entirely normal since the occurrence of the first injury; that there is a limitation of motion present in the back which prevents the employee from bending to such an extent that he can reach only to within six or eight inches of the floor; that there is present at all times a great deal of sacroiliac pain particularly on lateral bending to the right and rotation to the right; that there is a disarrangement of the spine which makes it very susceptible to injury. Dr. A. Pettefer reported: "Mr. A. A. Cordes had a left anterior sacroiliac subluxation when I examined him which caused his left leg to be ½ inch longer than right and caused a pressure on the anterior nerve, resulting in the acute pain he complained of, which was evidently caused from some past strain or injury. Patient also had a slight subluxation between 2nd and 3rd lumbar vertebrae." No physician was asked the question whether in his opinion the injuries were permanent. The determination of the question whether petitioner suffered permanent injuries must be made by the Commission and the decision of the Commission is final and conclusive. The question presented is one purely of fact. (*Hart* v. *Industrial Acc. Com.*, 119 Cal. App. 200 [6 Pac. (2d) 348].) "The findings themselves are not subject to review except in so far as they may have been made without any evidence whatsoever in their support." (*Ethel D. Co.* v. *Industrial Acc. Com.*, 219 Cal. 699 [28 Pac. (2d) 919].) We cannot say that there was insufficient evidence to support the findings in question.

No case has been cited to us in which it is held that the precise question whether an injury is permanent must be asked of a physician or surgeon. Nor has any case been cited in which it has been held that the Commission cannot under any circumstances make a finding that an injury is permanent without the evidence of experts. Manifestly there are many cases in which laymen can well determine the permanency of an injury, such as the loss of sight or limbs.

Innumerable cases might be mentioned as coming within this category. The officials of the Commission with their great experience in handling matters involving injuries to workmen are of necessity better qualified than the average layman to pass upon such questions. Indeed, the argument in favor of the necessity for expert testimony in cases where the injury is claimed to be permanent might be made with like effect in cases of temporary total disability. If the contention of petitioner should be upheld and carried to its logical conclusion the result would follow that expert witnesses would be necessary in all cases. If the legislature had not intended to place with the Commission the determination of such questions it doubtless would have made expert testimony a prerequisite to the making of an award. A similar prerequisite has been prescribed by the legislature in cases involving charges of insanity, in which a court may adjudge a person insane only after the filing of a certificate by medical examiners. (Pol. Code, sec. 2171.) We are not unmindful of the rule that expert testimony is necessary "where the truth is occult and can be found only by resorting to the sciences". (*State Compensation Ins. Fund* v. *Industrial Acc. Com.*, 195 Cal. 174 [231 Pac. 996, 1000].) We are not now confronted with such a situation. On the record before us the Commission was justified in making the findings under discussion.

Petitioner complains that the Commission failed to make a finding upon its contention that the first two awards are barred by the statute of limitations. An answer to the contention is found in the recent case of *Consolidated Steel Corp.* v. *Industrial Acc. Com.*, 6 Cal. (2d) 368 [57 Pac. (2d) 919], decided by the Supreme Court on May 13, 1936, in which it was held that the Commission in finding that the petitioner was entitled to further compensation impliedly found against the plea that the claim was barred by lapse of time.

The awards are affirmed.

Crail, P. J., concurred.

GOULD, J., *pro tem.*, Dissenting.—I dissent. I cannot agree with the foregoing opinion in so far as it holds that expert medical testimony is not necessary to support the Commission's finding of permanent injury. This case does not

involve a patent permanent bodily injury such as loss of leg or other member of the body, visible and apparent to anyone, layman or expert, but has to do with a hidden physical impairment, involving the patient's nerves, muscles and joints and complicated with a preexisting joint disease properly cognizable only by one trained and expert in such matters. To my mind it is plainly a situation with which a layman may not adequately deal, and which calls for the advice of one expertly versed in such matters by special education and experience.

In my opinion the matter should be remanded to the Industrial Accident Commission for further proceedings.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 16, 1936.