[Civ. No. 14982. First Dist., Div. One. Oct. 29, 1951.]

AURELIO SWEENEY, Petitioner, v. INDUSTRIAL
ACCIDENT COMMISSION, Respondent.

Richard M. Siegel and Allen Spivock for Petitioner.

Edmund J. Thomas, Jr., T. Groezinger and Robert Ball for Respondent.

BRAY, J.—Petition for a writ of certiorari to review orders of the Industrial Accident Commission denying (1) petitioner a permanent disability rating and (2) petition for rehearing.

### QUESTIONS PRESENTED

1. Is the commission's denial of permanent disability rating based on the assumption that petitioner's sensitivity to cinnamon is nonratable or on absence of proof of permanent disability? 2. If the latter, does the evidence support the commission's finding?

### RECORD

Petitioner filed with the Industrial Accident Commission a claim against Masonic Homes of California, a corporation, and Employers Liability Assurance Corporation, as the employer's insurer, for permanent disability under the Workmen's Compensation Act. This claim was resisted. The commission held a hearing and thereafter denied the claim. Petitioner then petitioned for a rehearing. This, too, was denied.

## FACTS

Petitioner had worked as a baker since 1922, during which time he handled cinnamon without harmful results. In November, 1948, he was employed by Masonic Homes as a pastry baker. In February he developed a rash on his hands which became so acute that he quit work on March 10, 1949. The commission determined that he had contracted a disabling dermatitis due to sensitivity to cinnamon, and gave him temporary total compensation. The condition disappeared in April and he went to work as a baker for another employer. After three days the condition reappeared and a few days later he was forced to quit. After a short period of rest the condition disappeared. Twice later he went to work for other employers, and after extremely short periods of employment he again broke out with dermatitis due to his sensitivity to and contact with cinnamon. Each time he received total compensation. Each time his dermatitis cleared up on cessation of contact with cinnamon and reappeared upon subsequent exposure. He then filed his petition for a permanent disability rating.

## MEDICAL EVIDENCE

Petitioner submitted the reports of five medical doctors, one of whom, Dr. Epstein, was his personal physician. They all agreed substantially that at the present time he is sensitive to cinnamon and that exposure to it produces dermatitis. None of the doctors other than Dr. Epstein reported that this sensitivity either is or is not permanent. The only medical evidence in the record is the following in Dr. Epstein's report: "Because this skin test is still positive to cinnamon, the patient would still be unable to work as a baker without having a recurrence of his skin eruption as long as he contacts cinnamon. This skin sensitivity to cinnamon will probably remain for an indefinite period of time, *but it is impossible to know how long such a sensitivity will remain.*" (Italics added.)

## FINDINGS

The report of the referee recommending denial of the petition for permanent disability rating, states: "His own report, that of Dr. Epstein, indicates that the cinnamon sensitivity remains an indefinite period of time, but that it is impossible to know how long such sensitivity will remain. It would seem that the condition is not permanent. Aside from this statement it has been pretty well established that a sensitivity

which may have come on from such substance is not a ratable factor.

"FINDINGS OF FACT:

"That the employee has suffered no permanent disability as a result of the injury herein."

The order denying the petition for permanent disability rating has as findings of fact: "That the injury herein caused no permanent disability."

In the report of the referee on the order denying applicant's petition for rehearing appears the following: "According to the report of Dr. Epstein, the applicant's report, cinnamon sensitivity remains an indefinite period of time, and it is impossible to know how long such a sensitivity will remain. The condition was found to be not permanent."

## COMMISSION'S DECISION

Petitioner contends that the decision of the commission was based (1) upon the referee's statement, "Aside from this statement it has been pretty well established that a sensitivity which may have come on from such substance is not a ratable factor," and (2) his finding that the employee had suffered no permanent disability. Respondent contends that the decision was solely based on ground (2). Assuming, without deciding, that it was based on ground (1) as well as ground (2), it becomes unnecessary for us to determine the validity of ground (1) for the reason that we are satisfied that ground (2) fully supports the decision. ■ In a review of a proceeding before the commission the rule is that if its decision can be supported on any ground it becomes immaterial that other grounds are improper. ■ Also in determining whether the decision on the evidence is proper we cannot determine the weight, effect and sufficiency of the evidence, but merely whether there is substantial evidence to support the commission's ruling. (*State Comp. Ins. Fund* v. *Industrial Acc. Com.*, 195 Cal. 174 [231 P. 996].) ■ "The determination of the question as to whether petitioner's injury was permanent at a particular time was purely a question of fact to be ascertained from the evidence." (*Hart* v. *Industrial Acc. Com.*, 119 Cal.App. 200, 202 [6 P.2d 348].) ■ One other principle must be borne in mind in examining the evidence here, namely, that the burden of proof was on the petitioner to show that his sensitivity to cinnamon is permanent. (Campbell, Workmen's Compensation, vol. I, § 1069, p. 930; *Cadotte* v. *Industrial Acc. Com.*, 86 Cal.App.2d 754 [194 P.2d 563]; *William Simpson Const. Co.* v. *Industrial Acc. Com.*,

74 Cal.App. 239 [240 P. 58].) ▇ It is a fact that on four different occasions since February, 1949, when exposed to cinnamon, he developed dermatitis and all the doctors agree that he is now sensitive to cinnamon and exposure to it at present will result in dermatitis. Those facts alone, however, do not establish that such condition will continue for the balance of his life or meet the test of permanent disability. ▇ ". . . a disability is generally regarded as 'permanent' where further change—for better or worse—is not reasonably to be anticipated under usual medical standards. It may be that no further treatment is possible, or that the only treatment suggested is so problematical of success as to warrant the employee's refusal to undergo it. In such an event, it is permanent within the meaning of the Act. In practical legal results, the healing period is over and a permanent aftermath of disability exists. . . . ▇ Ordinarily the term permanent, when applied to a personal injury means 'lasting during the future life of the injured party.' " (Campbell, Workmen's Compensation, vol. I, § 813, p. 719.) ▇ The evidence upon which petitioner relies is the statement of Dr. Epstein that the "sensitivity to cinnamon will probably remain for an indefinite period of time but it is impossible to know how long such a sensitivity will remain." This is not a prognosis that it will remain all his life or will be permanent. The most that can be said of the statement is that it is susceptible of two reasonable inferences, one that it might continue for his lifetime, the other that it may not so continue. The commission adopted the second inference and we are bound by their selection. Dr. Epstein's statement in nowise compels the adoption of the first inference. ▇ Certainly the statement of the doctor that it is impossible to know how long the sensitivity will continue is not sufficient to *compel* the conclusion that it is a permanent condition. (See *Owings* v. *Industrial Acc. Com.*, 31 Cal.2d 689 [192 P.2d 1].) ▇ " . . . the subject of inquiry, concerning the probable future history of the disease of the patient, is one which belongs entirely within the scope of expert opinion. This being so, the court is bound by the evidence given by the physicians, even if it is contradicted by nonexpert witnesses. (*William Simpson Const. Co.* v. *Industrial Acc. Com.*, 74 Cal.App. 239, 243 [240 P. 58].)" (*General Acc., F. & L. Assur. Corp.* v. *Industrial Acc. Com.*, 106 Cal.App. 39, 42 [288 P. 692].) The subject matter is not one of those situations referred to in *County of Los Angeles* v. *Industrial Acc. Com.*, 14 Cal.App.2d 134

[57 P.2d 1341], as being ones, such as the loss of sight or limbs, where a layman can determine the injury's permanency.　　There being, then, no evidence in the case which compels a finding that the sensitivity is permanent, the finding of the commission that there is no permanent disability is supported.　　It is not a question of how we might decide the matter but merely one of whether we can say as a matter of law that the commission's conclusion is unsupported. This we cannot do. ". . . the conclusion of the Commission upon questions of this character [permanency of injury] is a determination of a question of fact and is not subject to review by courts unless palpably contrary to the undisputed evidence." (*Hart* v. *Industrial Acc. Com., supra,* 119 Cal.App. 200, 202.)

It may be that if petitioner's sensitivity to cinnamon occurs on a new exposure the doctors may be able to determine whether or not such sensitivity constitutes a permanent disability. *General Acc., F. & L. Assur. Corp.* v. *Industrial Acc. Com.,* 77 Cal.App. 314 [246 P. 570], holds that a "permanent disability" is a "new and further disability" within the meaning of the statute. Section 5410 of the Labor Code permits an application where the original injury has caused new and further disability provided the application is made within the time prescribed by law. In the event that such an application is made and the sensitivity shown to be permanent, the question of whether such sensitivity is ratable would be placed squarely for decision.

The orders are affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.

The opinion and judgment were modified to read as above printed on November 2, 1951.