Filed 9/11/24  Webster v. S.F. Employees' Retirement System CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| JUSTIN W. WEBSTER,<br><br>        Petitioner and Respondent,<br><br>v.<br><br>SAN FRANCISCO EMPLOYEES'<br>RETIREMENT SYSTEM,<br>        Appellant. | A168995<br><br>(San Francisco City and County<br>Super. Ct. No. CPF-18-516230) |

San Francisco Employees' Retirement System appeals from a superior court order setting aside an administrative agency's denial of respondent's Industrial Disability Retirement (IDR) application and remanding the case to be reconsidered in light of new evidence pursuant to Code of Civil Procedure section 1094.5, subdivision (e).[1]  Appellant argues the superior court erred in finding that respondent's writ was not barred by failing to exhaust all administrative remedies and admitting two new medical reports.  As explained below, we disagree and will affirm.

### BACKGROUND

Justin W. Webster was a San Francisco police officer who was injured in the course of his employment.  After a full evidentiary hearing, the

---

[1] All subsequent statutory references are to the Code of Civil Procedure.

1

administrative law judge denied Mr. Webster's application for IDR. The administrative law judge found the retirement system's medical expert more persuasive than Mr. Webster's medical expert. Specifically, the administrative law judge found Mr. Webster's medical expert did not rely on "objective evidence."

After the decision, Mr. Webster filed a petition for writ of administrative mandate. Additionally, Mr. Webster sought to return to work as a police officer. Before Mr. Webster could return to work, he was required to complete a medical examination. After completing this examination, the medical doctor found Mr. Webster was "not fit for duty." In a companion workers' compensation case, another medical doctor found Mr. Webster was not capable of performing his job duties. Mr. Webster filed a second IDR application. The retirement system declined to process his second IDR application.

The superior court granted in part Mr. Webster's petition for writ of mandate, setting aside the denial of his IDR application. The court rejected the retirement system's argument that Mr. Webster had failed to exhaust all administrative remedies. The court ruled that requesting a rehearing based upon the same facts and law would have been futile. Finally, the court, relying on the two new medical reports, remanded the case for reconsideration.

## DISCUSSION

### I. Appealability

Respondent contends the order is not appealable because the superior court did not decide the pivotal issue of whether substantial evidence supported the agency's decision to deny his IDR application. Generally, a judicial order is appealable once the court renders a final judgment. (*Dhillon*

2

*v. John Muir Health* (2017) 2 Cal.5th 1109, 1115 (*Dhillon*); § 904.1, subd. (a).)
In *Dhillon*, our Supreme Court explained that whether the court has
rendered a final and appealable judgment turns on whether there were any
issues left unresolved.  (*Id.* at p. 1116.)  " ' "[W]here no issue is left for future
consideration[,] except the fact of compliance or noncompliance with the
terms of the first decree, that decree is final, but where anything further in
the nature of judicial action on the part of the court is essential to a final
determination of the rights of the parties, the decree is interlocutory." ' "  (*Id.*
at p. 1115.)  Moreover, the appellate court should consider whether an issue
would effectively evade review if the superior court's decision was not
immediately appealable in determining whether the order is a final
judgment.  (*Id.* at pp. 1115–1116.)

While it is true the superior court did not reverse or affirm the agency's
decision, the court decided all issues presented to it.  The court set aside the
agency's decision denying respondent's IDR application.  Under
section 1094.5, the court exercised its discretion to consider the two new
medical reports and remand the case back to the agency to reconsider its
decision in light of the new evidence.  At that point there was nothing left for
the superior court to do.  Moreover, dismissing the appeal now could moot the
issue of whether respondent had exhausted all administrative remedies
before he sought a petition of writ of administrative mandate.  We therefore
conclude the challenged order is appealable.

## II.    Exhaustion of Administrative Remedies

" '[A] party must exhaust administrative remedies before resorting to
the courts.  [Citations.]  Under this rule, an administrative remedy is
exhausted only upon "termination of all available, *nonduplicative*
administrative review procedures." ' "  (*Plantier v. Romona Municipal Water*

*Dist.* (2019) 7 Cal.5th 372, 382, italics added.) Deciding whether the doctrine of exhaustion of administrative remedies applies is a legal question reviewed de novo. (See *Coastside Fishing Club v. California Fish & Game Com.* (2013) 215 Cal.App.4th 397, 414.)

"Judicial review by way of writ of mandate is generally foreclosed when all administrative remedies have not been exhausted." (*Doyle v. City of Chino* (1981) 117 Cal.App.3d 673, 681.) Appellant contends respondent's writ should have been dismissed by the superior court for failing to exhaust all administrative remedies. Respondent counters by arguing all meaningful administrative remedies were exhausted. Specifically, respondent argues "that one need not exhaust a pro forma rehearing on issues and evidence already decided by the agency prior to initiating a judicial remedy." The applicable San Francisco Charter section 12.102 provides as follows: "At any time within 30 days after the service of the hearing officer's decision, the applicant or any other affected party, including the Retirement System, may petition the hearing officer for a rehearing upon one or more of the following grounds and no other: [¶] 1. That the hearing officer acted without or in excess of the hearing officer's powers; [¶] 2. That the decision was procured by fraud; [¶] 3. That the evidence does not justify the decision; or [¶] 4. That the petitioner has discovered new material evidence which could not, with reasonable diligence, have been discovered and produced at the hearing."

Because the two additional medical reports were not available within 30 days after the hearing officer's decision had been served, both sides appear to agree the only basis respondent had for requesting a new hearing was prong 3 — that the evidence did not justify the decision. In *Alexander v. State Personnel Bd.* (1943) 22 Cal.2d 198, 199–201 (*Alexander*), the court established the *Alexander* rule, which "[r]equired an aggrieved person to

4

apply to the administrative body for a rehearing after a final decision had been issued in order to exhaust administrative remedies." (*Sierra Club v. San Joaquin Local Agency Formation Com.* (1999) 21 Cal.4th 489, 499 (*Sierra Club*).) However, in *Sierra Club*, the California Supreme Court narrowed the *Alexander* rule. There, the court stated, subject to statutory limitations "one would [not] be required, after final decision by an agency, to raise for a second time the same evidence and legal arguments one has previously raised solely to exhaust administrative remedies under *Alexander*." (*Id*. at pp. 502, 510.) Such a requirement would likely lead to "delay and expense for both the parties and the administrative agency . . . ." (*Id*. at p. 502.)

Here, the applicable charter section designates the review hearing as permissive not mandatory. Respondent had no new evidence or legal arguments to present at a review hearing where the same judicial officer would be presiding. Requesting a duplicative hearing on the same facts and law would have been meaningless, costly, and inefficient. Appellant attempts to distinguish the holding of *Sierra Club*, *supra*, 21 Cal.4th 489 with the facts presented in this case. Nonetheless, as explained above, the facts of this case present the same circumstance as *Sierra Club*, where our Supreme Court explained a permissive rehearing before the same judicial officer presenting the same facts and law is not necessary in order to exhaust all administrative remedies. Additionally, Appellant's focus on the superior court's finding of futility is misplaced. It is clear the finding of futility by the court was based on the same reasoning as expressed in *Sierra Club*.[2] Under that caselaw, respondent was not required to apply for rehearing.

---

[2] A correct ruling will not be reversed simply because it may have been based on an incorrect reason. (*Nmsbpcsldhb v. County of Fresno* (2007) 152 Cal.App.4th 954, 966.)

### III.   Admission of Medical Reports

Appellant contends the superior court erred by admitting two additional medical reports and remanding the matter back to the agency to consider the new reports.  Section 1094.5, subdivision (e), dictates:  "Where the court finds that there is relevant evidence that, in the exercise of reasonable diligence, could not have been produced or that was improperly excluded at the hearing before respondent, it may enter judgment as provided in subdivision (f) remanding the case to be reconsidered in the light of that evidence; or in cases in which the court is authorized by law to exercise its independent judgment on the evidence, the court may admit the evidence at the hearing on the writ without remanding the case."  Whether or not new evidence is sufficient to warrant remand of the proceedings pursuant to section 1094.5, subdivision (e), is reviewed for abuse of discretion — a standard which "entail[s] considerable deference" to the superior court. (*Department of Parks and Recreation v. State Personnel Board* (1991) 233 Cal.App.3d 813, 838.)

Appellant argues the superior court erred by admitting the two medical reports into evidence.  " 'When the Legislature granted the superior court the discretion to receive "relevant evidence which, in the exercise of reasonable diligence, could not have been produced at the administrative hearing," it reasonably may be inferred that it meant to authorize the receipt of evidence of events which took place after the administrative hearing.' " (*Curtis v. Board of Retirement* (1986) 177 Cal.App.3d 293, 299 (*Curtis*).)  Here, the court did not err by considering the two medical reports that were prepared after the hearing.  Moreover, section 1094.5 gives the court the option to remand the case in light of the new evidence or admit the evidence and proceed with the court's independent review.  Contrary to Appellant's

6

argument, the court here merely considered the new medical reports in deciding to remand the matter back to the agency; the court did not admit the medical reports into the record.[3]

The superior court made a reasonable determination that the new evidence was sufficient to require the agency to reconsider its decision. Indeed, it is preferred " 'that the administrative agency should have the first opportunity to decide the case on the basis of all the evidence' " and that the better practice is " 'to remand the action [] in [] light of the new evidence . . . . ' " (*Curtis, supra,* 177 Cal.App.3d at p. 299.) In this respect, there was no abuse of discretion.

**DISPOSITION**

The trial court's order is affirmed.

DOUGLAS, J.[*]

We concur:

BROWN, P. J.
STREETER, J.

*Webster v. San Francisco Employees' Retirement System* (A168995)

---

[3] Whether the medical reports should be admitted into the record may be argued by Appellant upon remand.

[*] Judge of the Superior Court of California, County of Contra Costa, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7